IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MICHAEL PRUITT, #109026**                          **PLAINTIFF**

**VERSUS**                       **CIVIL ACTION NO. 3:06cv455TSL-JCS**

**J.K. STRINGER, et al.**                        **DEFENDANTS**

### MEMORANDUM OPINION

On August 15, 2006, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On August 21, 2006, this Court entered two orders in this case.  One order directed the plaintiff to sign and return an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days.  The plaintiff failed to respond or comply with this order.  The second order entered on August 21, 2006, directed the plaintiff to file a completed application to proceed *in forma pauperis*, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court, within thirty days.  The plaintiff failed to comply with this order.

On October 16, 2006, the plaintiff was ordered to show cause in writing, within fifteen days, why this case should not be dismissed for his failure to comply with the Court's August 21, 2006 orders. The plaintiff was warned in the October 16, 2006 order that if he did not comply with the Court orders his case would be dismissed without further notice to the plaintiff.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*.  See *Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Plaintiff has not complied with three court orders, nor has he contacted this Court since August 15, 2006.  The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper.  Since the Defendants have never been called upon to respond to the Plaintiff's pleading and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice.  *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A final judgment in accordance with this Memorandum Opinion will be entered.

This the  21st   day of  November, 2006.

                                             /s/Tom S. Lee
                                           UNITED STATES DISTRICT JUDGE